**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

---

In re:
**Benjamin John Piepgras and**
**Tacy Lyn Atwood,**

Soc. Sec. Nos. xxx-xx-5879 & xxx-xx-4180
Mailing Address: 3281 E Old US Hwy 64, Lexington, NC 27292-

Debtors.

Case No.:26-03289-5-DMW

Chapter 13

---

## NOTICE OF RESCHEDULED CONFIRMATION HEARING

Please take notice that the confirmation hearing in this case has been re-scheduled to the following date, time and place:

Date: **November 4, 2026**
Time: **10:30 a.m.**
Place: **Century Station Federal Building, 300 Fayetteville St., 3rd Floor, Raleigh, NC 27601-1799**

Attached please find a copy of the proposed Chapter 13 Plan (as amended).

Please take further notice that objections, if any, you may have to the amended plan must be filed at least seven (7) days before this re-scheduled confirmation hearing date.

Date: 10/8/26

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA (NON-NC EXEMPTIONS)
Raleigh DIVISION

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1: | Benjamin John Piepgras<br>First Name Middle Name Last Name |
| Debtor 2:<br>(Spouse, if filing) | Tacy Lyn Atwood<br>First Name Middle Name Last Name |
| Case Number:<br>(If known) | 26-03289-5-DMW |

☑ Check if this is an amended plan and list below the sections of the plan that have changed.
2.1, 2.3,

# AMENDED CHAPTER 13 PLAN

## Part 1: Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. ***Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3 below, to state whether or not the plan includes provisions related to each item listed.*** **If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all. | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 The Debtor(s) shall make regular payments to the Trustee as follows:**

$ 1,269.00 per Month for 3 months
$ 1,492.00 per Month for 57 months
*(Insert additional line(s), if needed.)*

Debtor **Benjamin John Piepgras**
**Tacy Lyn Atwood** Case number

**2.2 Additional payments.** (*Check one.)*

☑ **None.** (*If "None" is checked, the rest of this section need not be completed or reproduced)*

**2.3 The total amount of estimated payments to the Trustee is $ 88,851.00 .**

**2.4 Adjustments to the Payment Schedule/Base Plan** *(Check one).*

☐ **None.**

☑ **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5 Applicable Commitment Period & Projected Disposable Income.**

The Applicable Commitment Period of the Debtor(s) is **60** months, and the projected disposable income of the Debtor(s), as referred to in 11 U.S.C. § 1325(b)(1)(B), is $ **-965.03** per month. The plan shall not be deemed complete prior to completion of the applicable commitment period unless allowed non□priority unsecured claims are paid in full over a shorter period.

**2.6 The "Liquidation Test."**

a) For purposes of this Plan, the Chapter 7 "Liquidation Value" of the estate(s) of the Debtor(s) as referenced to in 11 U.S.C. 1325(a)(4), is refers to the estimated amounts that would be paid to holders of allowed nonpriority unsecured claims if the estate(s) of the Debtor(s) were liquidated under Chapter 7 on the effective date of the Plan. In this case, that amount is: $ **0.00** .

b) Holders of allowed non-priority unsecured claims are projected to receive a distribution equal to their pro rata share of the Liquidation Value. This projected distribution may be impacted by the designation of classes below, and by the allowance and/or amendment of secured, priority, and administrative claims which may affect the Liquidation Values described herein.

If a Liquidation Value is greater than the amount of allowed nonpriority unsecured claims within a particular class (or greater than all allowed nonpriority unsecured claims if no class designations are made), allowed unsecured claims within such class (or all nonpriority unsecured claims, if applicable) shall be paid with interest at the Federal Post-Judgment Interest Rate that is effective as of the petition date.

☑ **None. If "None" is checked, no classes are designated and the Liquidation Value identified in part 2.6(a) above will be disbursed to all holders of allowed nonpriority unsecured claims on a pro rata basis. The rest of Section 2.6 need not to be completed or reproduced.**

## Part 3: Treatment of Secured Claims

**3.1 Lien Retention.**

The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:

**(a)** payment of the underlying debt determined under nonbankruptcy law, or
**(b)** discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2 Maintenance of Payments and Cure of Default (if any)** (*Check one.*)

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if there is a check in the box "Included" in Part 1, § 1.1, of this plan, above.***

***Requests for Valuation of Collateral and Modification of Undersecured Claims for Real Estate may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object to the motion and request a hearing. Note that a separate motion must be brought if the collateral is real estate, but not if the collateral is personal property.***

☑ The Debtor(s) request that the Court determine the value of the collateral securing each of the claims listed below. For each non-governmental secured claim listed below, the Debtor(s) propose to treat each claim as secured in the amount set out in the column headed *"Amount of Secured Claim."* For secured claims of governmental units, unless otherwise ordered by the Court, the value of the

collateral listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary valuation amount listed below. For each listed claim, the amount of the secured claim will be amortized and paid with interest at the stated rate over the life of the plan. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's entire claim will be treated as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on its proof of claim controls over any contrary amount listed in this paragraph. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate |
|---|---|---|---|---|---|---|
| **Global Federal Credit Union** | **$53,705.00** | **2020 Forest River Sabre FMV = JD Power Used Retail *Used as Residence*** | **$29,350.00** | **$0.00** | **$29,350.00** | **8.75%** |

*Insert additional claims as needed.*

**3.4 Claims Excluded from 11 U.S.C. § 506(a).** *(Check one)*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

The claims listed below:
(1) were incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) ("910 Claims);
(2) were incurred within 1 year of the petition date and are secured by a purchase money security interest in any other thing of value ("1□Year Claims"), or
(3) are debts the Debtor(s) otherwise propose to pay in full ("Other Claims").

These claims will be paid in full by the Trustee, with interest at the rate stated below. Unless otherwise ordered by the Court, the amount of the creditor's claim listed on its proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary claim amount listed below. In the absence of a timely filed proof of claim, the claim amount stated below is controlling. Secured creditors entitled to pre□confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070□1(c).

| Creditor Name | Collateral (if any) | Amount of Claim | Interest Rate | *Basis* (910 Claim/ 1-Year/ Other Claim) |
|---|---|---|---|---|
| **Potlatch Financial Credit Union** | **2017 Chevrolet Colorado 159,672 miles<br>Progressive Insurance - Policy #1072<br>VIN # 1GCGTDEN2H1312862<br>FMV = JD Power Average Trade** | **$13,526.00** | **8.75%** | **Other** |
| **WSECU** | **2019 GMC Sierra Denali 115,550 miles<br>Progressive Insurance - Policy #1072<br>VIN #1GT42WEY5KF142504<br>FMV = JD Power Average Trade** | **$12,155.00** | **8.75%** | **910 Claim** |

*Insert additional claims as needed.*

**3.5 Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one)*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Surrender of Collateral.** *(Check one.)*

☐ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*
☑

Debtor **Benjamin John Piepgras**
**Tacy Lyn Atwood** Case number

The Debtor(s) will surrender the collateral listed below that secures the creditor's claim. Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) shall terminate as to the surrendered collateral and any co‑debtor stay of 11 U.S.C. § 1301 shall terminate in all respects. No claim for a deficiency remaining due after the disposition of surrendered collateral will be allowed or paid unless the creditor timely files a proof of claim and, within 180 days after confirmation of the plan, amends the claim as necessary to show the remaining unsecured deficiency after the disposition of the surrendered collateral. Absent such timely filing and amendment of a claim, or an order by the Court extending the 180‑day filing deadline, the surrender of the collateral shall be deemed in full satisfaction of the Debtor's contractual obligation to the creditor.

| Creditor Name | Collateral |
|---|---|
| **ALL (If Any) Credit Unions** | **ALL Share Accounts/Right to Offset** |
| **Global Federal Credit Union** | **ALL Share Accounts/Right to Offset: Global CU *Debtor to Surrender*** |
| **Harborstone Credit Union** | **ALL Share Accounts/Right to Offset: Global CU *Debtor to Surrender*** |
| **Potlatch Financial Credit Union** | **ALL Share Accounts/Right to Offset: Potlatch Financial CU *Debtor to Surrender*** |
| **WSECU** | **ALL Share Accounts/Right to Offset: WSECU *Debtor to Surrender*** |

*Insert lines for additional creditors and collateral, as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions,** the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2 Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be **6.50** % of amounts disbursed by the Trustee under the plan and are estimated to total $ **4,949.40** .

**4.3 Debtor(s)' Attorney's Fees.** *(Check below, as appropriate.)*

☑ Debtor(s)' attorney has agreed to accept as a base fee $ **6,450.00** , of which $ **0.00** was paid prior to filing. The Debtor(s)' attorney requests that the balance of $ **6,450.00** be paid through the plan.

☐ The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $_____, of which $_____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $_____ be paid through the plan.

**4.4 Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**

☐ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☑ Section 507(a) priority claims, other than attorney's fees and domestic support obligations are estimated to be as follows:

| Creditor Name | Claim For: | Estimated Claim Amount |
|---|---|---|
| **Internal Revenue Service (ED)**** | **Taxes and certain other debts** | **$4,102.00** |
| **North Carolina Dept. of Revenue**** | **Taxes and certain other debts** | **$1,491.00** |

## Part 5: Unsecured Non‑priority Claims

**5.1 General Treatment.** After confirmation of a plan, holders of allowed, non‑priority unsecured claims that are not specially classified in § 5.2 below, will receive a *pro rata* distribution with other holders of allowed, non‑ priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2 Co‑Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*

☑ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.** *(Check one.)*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

## Part 7: Miscellaneous Provisions

**7.1 Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:

☐ plan confirmation.
☑ discharge
☐ other: ______________________

**7.2 Use, Sale, or Lease of Property:** Regardless of the election made in 7.1 above, the use, sale, or lease of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules.

**7.3 Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

**7.4 Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

***The remainder of this Part 8 will be effective only if there is a check in the box "Included" in Part 1, § 1.3, of this plan, above.***

*Under Bankruptcy Rule 3015(c), nonstandard plan provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this E.D.N.C. Local Form or deviating from it.* ***Nonstandard provisions set out elsewhere in this plan are ineffective.*** **The following are the nonstandard provisions of this plan:**

**If there is a UCC lien, all lien filings must be cancelled within 30 days of the bankruptcy discharge.**

**Valid Non-Purchase Money Security Interests in household goods and/or tools of trade will be valued at $300.00 each as if set forth and included in § 3.3.**

**Claims Filed As Unsecured: Any claim filed as unsecured shall be treated as such regardless of contrary treatment or classification in the plan. Such shall be without prejudice to the Debtor(s) subsequently objecting to the treatment of such claim as unsecured.**

**All references to payment amounts in this document represent average estimated payments, subject to the filing of a valid Proof of Claim, possible objections thereto, and the Chapter 13 Trustee's customary distribution process.**

**Claim Objection Pending: Any claims for which an objection is pending may not receive distributions from the Trustee until resolution of such objection. If the resolution of such objection alters the liquidation analysis, the necessary term of the plan, or the amount necessary for the monthly plan to be feasible, the Debtor(s), the Trustee, or the holder of an allowed unsecured claim shall not be precluded from seeking a modification of the plan pursuant to 11 U.S.C. § 1329.**

Debtor **Benjamin John Piepgras**
**Tacy Lyn Atwood**
Case number

**Irregular Income: For purposes of 11 U.S.C. § 1329, regular changes in the income of the Debtor(s), receipt of commissions, tax refunds and/or bonuses shall be considered anticipated.**

**Consent Order Language: Modification of the plan can be accomplished by Consent Order as long as no creditors are adversely affected.**

**Cram-Down 2nd Liens: If a creditor in § 3.3 files an unsecured claim, the claim shall be treated as an unsecured claim and the lien shall be deemed satisfied and extinguished upon discharge pursuant to Fed. R. Bank. P. 5009(d).**

*Insert lines, as needed.*

***No additional plan provisions may follow this line or precede Part 9: Signature(s), which follows.***

## Part 9: Signatures

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

**If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s)' signature(s) are optional. The attorney for the Debtor(s), if any, must sign below.**

*X* ______________________________
**Benjamin John Piepgras**
Signature of Debtor 1

Executed on ______________________

*X* ______________________________
**Tacy Lyn Atwood**
Signature of Debtor 2

Executed on ______________________

**By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

*X* **/s/ Melissa Betron for LOJTO**
**Melissa Betron for LOJTO 60763**
Signature of Attorney for Debtor(s)

Date **October 5, 2026**
MM/DD/YYYY

**If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

---

In re:
**Benjamin John Piepgras and**
**Tacy Lyn Atwood**,

Case No.:26-03289-5-DMW

Chapter 13

Soc. Sec. Nos. xxx-xx-5879 & xxx-xx-4180
Mailing Address: 3281 E Old US Hwy 64, Lexington, NC 27292-

Debtors.

---

**CERTIFICATE REGARDING SERVICE OF AMENDED PLAN AND NOTICE OF RESCHEDULED CONFIRMATION HEARING**

I, Charlene Ennemoser, certify, under penalty of perjury, that on 10/8/26, I served a copy of the **Chapter 13 Plan** (as amended) and a copy of the **Notice Of Rescheduled Confirmation Hearing**, upon the following:

By **automatic electronic noticing** to:

Michael Burnett
Chapter 13 Trustee
P.O. Box 61039
Raleigh, NC 27661

I further certify that service of the said Amended Plan on other parties or creditors in this matter is not required because the Amended Plan does not change the treatment of any claim provided for under the original Plan or, if already amended, the original Plan as most recently amended, and the Amended Plan does not address any claim which was not already provided for under the original Plan or, if already amended, the original Plan as most recently amended.

Dated: 10/8/26

/s Charlene Ennemoser

Charlene Ennemoser

Employment Security Commission
Attn: Benefit Payment Control
Post Office Box 26504
Raleigh, NC 27611-6504

NC Child Support
Centralized Collections
Post Office Box 900006
Raleigh, NC 27675-9006

Equifax Information Systems LLC
P.O. Box 740241
Atlanta, GA 30374-0241

Experian
P.O. Box 2002
Allen, TX 75013-2002

Trans Union Corporation
P.O. Box 2000
Crum Lynne, PA 19022-2000

Internal Revenue Service (ED)**
PO Box 7346
Philadelphia, PA 19101-7346

US Attorney's Office (ED)**
150 Fayetteville Street
Suite 2100
Raleigh, NC 27601-1461

North Carolina Dept. of Revenue**
Post Office Box 1168
Raleigh, NC 27602-1168

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530-0001

Apple Card - Goldman Sachs Bank USA
Lockbox 6112
Post Office Box 7247
Philadelphia, PA 19170-6112

Atrium Health
PO BOX 71108
Charlotte, NC 28272-1108

Capital One **
Post Office Box 30285
Salt Lake City, UT 84130-0285

Citicards **
Customer Service
Post Office Box 6500
Sioux Falls, SD 57117

Credit One Bank, N.A. ****
Post Office Box 98873
Las Vegas, NV 89193-8873

Dept of Education
1891 Metro Center Drive
Reston, VA 20190

Discover **
Post Office Box 30943
Salt Lake City, UT 84130

Global Federal Credit Union
4000 Credit Union Drive
Anchorage, AK 99501

Harborstone Credit Union
Post Office Box 4207
Tacoma, WA 98438-4207

Home Depot Credit Services - CBNA**
Post Office Box 790328
Saint Louis, MO 63179-0328

Internal Revenue Service (ED)**
Post Office Box 7346
Philadelphia, PA 19101-7346

Merrick Bank ***
Customer Service
Post Office Box 9201
Old Bethpage, NY 11804-9201

NC Department of Justice
for NC Department of Revenue
Post Office Box 629
Raleigh, NC 27602-0629

Potlatch Financial Credit Union
Attn: Officer
1025 Warner Avenue
Lewiston, ID 83501

SL - U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530-0001

SL - US Attorney's Office (ED)**
150 Fayetteville Street
Suite 2100
Raleigh, NC 27601-1461

Social Security Administration ***
General Counsel Attn: Bankruptcy
6401 Security Blvd.
Baltimore, MD 21235

TBOM/Milestone
Post Office Box 105555
Suite 400
Atlanta, GA 30348-5555

Thurston County Court

Upgrade, Inc
2 N. Central Ave.
10th Floor
Phoenix, AZ 85004

WSECU
Post Office Box WSECU
Olympia, WA 98507-0099